### COOPER *v.* HARPER *et al.*

The motion for new trial in this case contains only the usual general grounds that the verdict is contrary to the evidence and without evidence to support it.   Under the evidence in the record, the jury were authorized to find that the defendants in this action, brought to recover certain lands, were the successors in title to those who had bought at executors' sale regularly conducted, after the procurement of proper orders, without notice of any facts or circumstances as to an intent upon the part of the executors to unlawfully divert the proceeds of the sale, which would make void the executors' deed;   and the verdict in favor of the defendants should not be disturbed.
No. 1921.   FEBRUARY 16, 1921.

Ejectment. Before Henry S. West, judge pro hac vice. Clarke superior court. January 24, 1920.

COOPER *v.* HARPER.

*Holden, Jennings & Holden* and *Lamar C. Rucker,* for plaintiff.

*Thomas & Thomas, H. A. Nix, W. M. Smith,* and *J. B. Gamble,* for defendants.

BECK, P. J. Henry Jennings died testate, and his will was probated in December, 1862. By its terms his widow was given a life-estate in all his property, remainder to his children for life, and remainder over to their children. Susan Jennings was one of his children, and Mary Cooper, the plaintiff in this case, was the daughter of the last named. The will contains, among other provisions, the following:

" I give and bequeath to my children the remainder of all my estate both real and personal, after the decease of my said wife, to be divided among them all equally. My daughters' portions I give to them severally for their use during their natural lives, and to their children after their death, not subject to their contracts nor their husbands' contracts. . . I give my said wife leave to trade any property for the interest of the estate, provided the value thereof is returned in the estate or divided among our said children; but whatever sale of property shall be made must be made jointly by my wife and executors. I hereby appoint my beloved wife, Nancy Jennings, my executrix, and my two older sons, James Jennings and Jefferson Jennings, my executors to this my last will and testament. I hereby authorize my said executrix and executors to carry out this my last will and testament, after being duly qualified by the court, without giving security."

The persons named as executors qualified as such. This action of ejectment was brought to recover certain lands, consisting of two tracts, a fourteen-acre tract and a twenty-six-acre tract (referred to hereinafter as tract No. 1 and tract No. 2). Upon the trial of the case the issues involved were submitted to the jury, and a verdict was returned in favor of the defendants. A motion for a new trial was made by the plaintiff, and was overruled.

1. The defendants in the case are successors in title to purchasers of the tracts of land involved in this suit, which were sold at executor's sale. Tract No. 2 was sold after the death of the widow of Henry Jennings; tract No. 1 was sold during her life, and she joined with the other executors in the execution of a deed. The will itself authorized these executors, under the power of sale contained in the will, heretofore set forth, to sell the land belonging to the

estate; and they could have sold it and conveyed the title thereto without an order from the court of ordinary, provided they acted jointly. This was done, and a deed was made by them conveying tract No. 1 to a predecessor in title of the defendants. The executors in selling tract No. 1 procured an order from the court of ordinary. The application for the order was made by all the executors, including the widow of Henry Jennings, and showed that they were desirous of selling a tract of land, describing it, which included tract No. 1, sued for in the present case; and the application contains, in addition to the usual recitals, the statement that the applicant, "Nancy Jennings, widow of said deceased, having relinquished her life or widowhood interest in the land to be sold, and reserving a portion of the money to arise from the sale thereof in lieu of the said life or widowhood interest," and, further showing that notice of their intention to apply for leave to sell has been duly published, prays "for leave to sell the same in terms of the law and in pursuance of the will of said deceased." The order granted upon this application recites, that, "It appearing that notice has been duly published in terms of the law, and no cause being shown or appearing to the contrary, and it appearing that it is necessary for a division among the legatees, it is ordered that said petitioners have leave to sell said tract of land [including the land in controversy] in terms of the law and in pursuance of the will of said deceased." The sale of tract No. 1 took place in pursuance of this order, and the deed was executed by all the executors, as stated above. The purchaser at this sale acquired title to the property, though there may have been an intention on the part of the executors to misapply a part of the proceeds, if he was without knowledge of the wrongful intent, or if he did not have knowledge of some circumstance that should have put him upon inquiry as to an intent upon the part of the executors to misappropriate the proceeds of the sale. And the jury were authorized to find that he was without knowledge or notice of any wrongful intent to misapply the proceeds of the sale.

The sale of tract No. 2 was under an order of the court of ordinary, regularly granted after the death of Mrs. Jennings, the widow of the testator. That order, so long as it existed unchallenged by direct attack upon it in a court of competent jurisdiction, made the sale under it valid, and a deed of the executors in pursuance

of the order and the sale conveyed title to the purchaser. Whether or not the executors had assented to the legacy of the remaindermen in this case, before the order to sell tract No. 2 was procured, was a question of fact, which we assume was properly presented to the jury, as there is no exception to any part of the charge contained in the record.     *Judgment affirmed. All the Justices concur.*